UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
RAMON GONZALEZ MALDONADO,

                            Plaintiff,                          **REPORT AND
                                                                                         RECOMMENDATION**

                 -against-                                     20-CV-5776 (LDH) (RLM)

**LOXTON INC.**, *et al.*,

                              **Defendants.**
-------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a letter-motion filed by plaintiff Ramon Gonzalez Maldonado ("plaintiff"), requesting that the Court strike the answer of defendants Loxton Inc. ("Loxton") and Jim Chen ("Chen") (collectively, "defendants") and enter a default/default judgment against them. See generally Motion to Strike Answer and Request for Entry of Default/Default Judgment (Feb. 16, 2022) ("Pl. Motion"), Electronic Case Filing ("ECF") Docket Entry ("DE") #31; Supporting Declaration of Abdul K. Hassan, Esq. with Exhibits 1-4 (Feb. 16, 2022) ("Hassan Decl."), DE #31-1. On February 22, 2022, this Court ordered defendants to show cause why the relief requested by plaintiff should not be granted and warned defendants that their failure to respond would likely result in severe sanctions, including the striking of defendants' answer. See Order (Feb. 22, 2022) ("2/22/22 Order"). Despite this warning, defendants have yet to respond or otherwise comply with the Court's order to show cause. For the forthcoming reasons, this Court respectfully recommends that plaintiff's motion be granted in part and denied in part without prejudice, as described herein.

## BACKGROUND

On November 30, 2020, plaintiff filed this wage-and-hour lawsuit against defendants, alleging violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), and the New York Labor Law, N.Y. Lab. L. § 650 *et seq*. See Complaint (Nov. 30, 2020) ("Compl.") ¶¶ 35-50, DE #1. Defendants, through their then-counsel, Eric D. Raphan, Esq., filed an answer on March 8, 2021.[1] See generally Answer to Complaint (Mar. 8, 2021) ("Answer"), DE #12.

On March 23, 2021, the Court held an initial conference hearing, during which it directed, among other things, that fact discovery be completed by September 23, 2021, and that the parties file a joint letter confirming said completion by September 24, 2021. See Minute Entry (Mar. 23, 2021), DE #15. At the initial conference, the Court also made a settlement recommendation, which was later accepted, in writing, by all parties. See id.; Defendants' Letter re settlement recommendation (Mar. 25, 2021), DE #16; Plaintiff's Letter Response to Settlement Recommendation (Mar. 30, 2021), DE #18.

The parties' settlement agreement was subsequently derailed when defendants "decided not to go forward with the settlement," and instead, "chose to terminate their relationship with [their counsel, Mr. Raphan], and . . . refused to respond to [his] numerous communications." Order (May 3, 2021) ("5/3/21 Order"); see also Declaration in Support of Motion to Withdraw (Mar. 31, 2021) ¶¶ 4-6, DE #20-2; [Sealed] (*Ex Parte*) Supplemental Declaration in Support of Motion to Withdraw (Apr. 2, 2021) ("Raphan Supp. Decl."), DE #21. On March

---

[1] Defendants twice moved for an extension of time to file an answer pursuant to stipulations between the parties; the Court granted both of defendants' requests, on consent. See Order (Jan. 11, 2021); Order (Feb. 5, 2021). As part of these stipulations, defendants agreed not to contest plaintiff's service of the complaint. See Stipulation dated Jan. 8, 2021 (docketed on Jan. 11, 2021) at 1, DE #9-1; Stipulation (Feb. 4, 2021) at 1, DE #11-1.

31, 2021, Mr. Raphan, at the request of his clients, filed (and served on defendants) a motion to withdraw as their attorney in this matter.  See generally Motion to Withdraw as Attorney (Mar. 31, 2021), DE #20; Memorandum of Law in Support of Motion to Withdraw (Mar. 31, 2021), DE #20-1; Motion to Withdraw – Certificate of Service (Mar. 31, 2021), DE #20-3; see also Raphan Letter (Mar. 31, 2021), DE #19.  In an order sent by Federal Express and emailed to defendants, see Certificate of Service (Apr. 2, 2021) ("4/2/21 Certificate of Service"), DE #22, the Court instructed them to respond to Mr. Raphan's motion by April 15, 2021, and warned that Loxton, as an entity, is not permitted to proceed *pro se* in federal court, see Order (Apr. 1, 2021) ("4/1/21 Order").  Nevertheless, defendants failed to respond.  The following month, by order dated May 3, 2021, the Court granted defense counsel's unopposed motion to withdraw as counsel, and again cautioned defendants, as follows:

> The Court reminds defendants that entities are not permitted to represent themselves and, if a notice of appearance by new counsel for Loxton Inc. has not been filed by May 17, 2021, *a default judgment may be entered against the entity*; Jim Chen, the individual defendant, will be permitted to proceed *pro se* and will be deemed to be representing himself if, by May 17, 2021, a notice of appearance has not been filed on his behalf.

5/3/21 Order (emphasis added).  Thereafter, having failed to respond or to retain new counsel by the court-ordered deadline, defendants were warned by the Court, in an order mailed to them, "that, like all parties, *pro se* parties must comply with court orders and their discovery obligations."  Order (May 21, 2021) ("5/21/21 Order").

On September 6, 2021, plaintiff served defendants with his discovery demands, including interrogatories, document production requests, and deposition notices, via the United States Postal Service.  See Hassan Decl. ¶ 17; Exhibit 1, DE #31-1 at 7-10.  Defendants provided no interrogatory responses or documents and failed to appear for depositions.  See

3

Hassan Decl. ¶¶ 18-19. On September 23, 2021, plaintiff moved for an extension of time to complete discovery, citing defendants' complete lack of communication with plaintiff's counsel. See Motion for Extension of Time to Complete Discovery (Sept. 23, 2021), DE #23; see also Status Report (Sept. 24, 2021). By order dated October 4, 2021, the Court extended discovery until November 8, 2021, and instructed plaintiff's counsel to file a letter by the same date, confirming that discovery had closed. See Order (Oct. 4, 2021) ("10/4/21 Order"). In the same order, which was mailed to defendants, the Court further warned defendants:

> . . . that entities are not permitted to proceed without counsel in federal court and that the failure of defendant Loxton Inc. to retain counsel may result in a judgment against it. In addition, if defendants fail to serve timely responses to discovery demands served on them, they may be subject to sanctions, *including the possibility that their answer will be stricken*.

Id. (emphasis added).

On November 8, 2021, plaintiff advised the Court that "[d]efendants still have not entered an appearance including through an attorney for the corporate defendant [or] responded to [p]laintiff's discovery demands and deposition notices." Status Report (Nov. 8, 2021), DE #25. Given defendants' apparent abandonment of their defense in this case, the Court instructed plaintiff to attempt to communicate with defendants and to advise the Court whether he planned to seek dispositive sanctions. See Order (Nov. 15, 2021). Plaintiff's counsel "sent two communications to [d]efendants on November 19, 2021 and November 22, 2021 but received no response[.]" Status Report (Dec. 6, 2021) ("12/6/21 Status Report"), DE #27. Then, on December 6, 2021, plaintiff's counsel emailed Chen, the individual defendant, requesting a call to discuss the case in order "to provide the court with an update on the default process." Hassan Decl. ¶ 28 (quoting Dec. 6, 2021 email sent to Chen). Again, plaintiff

4

received no response. Plaintiff advised the Court of defendants' unresponsiveness and represented that plaintiff intended to move to strike defendants' answer and for default judgment. See 12/6/21 Status Report; Letter Response to December 10, 2021 Order (Dec. 15, 2021) at 1, DE #28.

Having opted to further pursue his claims against defendants, plaintiff filed the instant motion on February 16, 2022, which was emailed and mailed (by first class mail) to defendants. See Pl. Motion; Proof of Service (Feb. 16, 2022), DE #31-2. By Order to Show Cause dated February 22, 2022, this Court directed defendants to respond to plaintiff's motion or risk having "their [a]nswer [] stricken and a default judgment entered against them." 2/22/22 Order. The Court's staff emailed and mailed copies of this order to defendants.[2] As of this date, defendants' flouting of the Court's orders and their discovery obligations persists.

## DISCUSSION

### I.   Sanctions Under Rules 16 and 37

Rule 16(f) of the Federal Rules of Civil Procedure authorizes district courts to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). In turn, under Rule 37, if a party disobeys a court order to provide discovery, the court "may issue further just orders[,]" including "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A). Factors

---

[2] Copies of each of the relevant orders and motions were emailed to defendants at loxtoninfo@gmail.com and/or mailed or sent by Federal Express to defendants at the following addresses: 136-31 41st Avenue, Suite 2A, Flushing, New York 11355 and 14-15 Cross Bay Blvd., Broad Channel, New York 11693. These physical addresses are those listed under defendants' contact information on the ECF docket, which was drawn from defense counsel's certificate of service, see 4/2/21 Certificate of Service; defendants have also confirmed that Loxton is located at the Flushing, New York address, see Answer ¶ 11.

guiding the district court's exercise of discretion include: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of … noncompliance." World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012) (alteration in original) (internal quotation marks omitted) (quoting Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)). These factors are nonexclusive, and the district court has "wide discretion" in issuing "just" sanctions under Rule 37. Id. (citation omitted); see S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010); Aristidou v. Aviation Port Servs., LLC, No. 18-CV-4040 (MKB) (RER), 2020 WL 10317398, at *12 (E.D.N.Y. Feb. 21, 2020) ("No single factor controls, and it is not an abuse of discretion for a district court to order a dispositive sanction even when not every factor weighs against the party to be sanctioned." (citations omitted)), adopted, 2021 WL 2471269 (E.D.N.Y. June 17, 2021).

Culpability or intent is a primary concern under Rule 37, such that the Rule does not authorize a default sanction where the failure to comply "has been due to inability, and not to willfulness, bad faith, or any fault" of the party against whom sanctions are sought. Yoon v. Jamaica French Cleaners, Inc., No. 12-CV-3845 (RLM), 2014 WL 4199723, at *2 (E.D.N.Y. Aug. 22, 2014) (quoting Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 212 (1958)); see Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979). The entry of default as a sanction is appropriate in the face of willful misconduct, "to achieve the purpose of Rule 37 as a credible deterrent 'rather than a paper tiger.'" Update Art, Inc. v. Modiin

6

Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (quoting Cine Forty-Second St. Theatre, 602 F.2d at 1064). Although dispositive relief is a severe sanction that should be granted only sparingly, a "continuing saga of dilatory conduct" will satisfy the threshold for entering a default under Rule 37. U.S. Freight Co. v. Penn Cent. Transp. Co., 716 F.2d 954, 955 (2d Cir. 1983) (internal quotation marks and citations omitted).

Measured against the above standard, defendants' persistent dilatory conduct clearly warrants dispositive relief in the instant case.

### A. Willfulness of Noncompliance

With respect to "willfulness of noncompliance," "[c]ourts in this District find a litigant's actions to be willful when there has been unexplained and repeated failure to respond to discovery requests, comply with court orders, and appear in a scheduled hearing." United States v. Real Prop. & Premises Located at 26421 Riverrock Way, 15 CV 6762 (ARR)(RML), 2022 U.S. Dist. LEXIS 91333, at *6 (E.D.N.Y. May 20, 2022) (quoting Liu v. Millenium Motors Sports, LLC, No. 17-CV-6438 (RPK) (RER), 2020 WL 7028924, at *3 (E.D.N.Y. Nov. 5, 2020) (collecting cases), adopted, 2020 WL 7024378 (E.D.N.Y. Nov. 30, 2020)). Here, Chen and Loxton have wholly failed to participate in the discovery process: they have not answered plaintiff's interrogatories or provided responsive documents and did not attend their scheduled depositions. See Hassan Decl. ¶¶ 18-19. Furthermore, defendants have violated *five* court orders, including those specifically directing defendants to respond to Mr. Raphan's motion to withdraw as their attorney, see 4/1/21 Order, participate in discovery, see 5/21/21 Order; 10/4/21 Order, and show cause why severe sanctions should not be imposed against them, see 2/22/22 Order. Indeed, defendants "have not merely failed to offer a valid

7

excuse for their noncompliance [with judicial directives], but rather have provided no response in any form." Yoon, 2014 WL 4199723, at *3. In addition to their total lack of responsiveness to the Court's orders, defendants have reportedly ceased all communication with plaintiff's counsel, despite his attempts to contact them. See Hassan Decl. ¶¶ 28-29. Based on defendants' radio silence, "the only reasonable inference is that . . . defendants willfully abandoned their defense of this case." Microsoft Corp. v. Computer Care Ctr., Inc., No. 06–CV–1429 (SLT)(RLM), 2008 WL 4179653, at *6 (E.D.N.Y. Sept. 10, 2008). Such willfulness warrants severe sanctions. See, e.g., id.; Wilmington Sav. Fund Soc'y, FSB v. White, 17-CV-02288 (AMD) (JMW), 2021 WL 7908045, at *2 (E.D.N.Y. Dec. 14, 2021) (defendants' failure to comply with court orders "constitutes willfulness and supports the imposition of harsh sanctions" (citations omitted)), adopted sub nom. Wilmington Sav. Fund Soc'y, FSB as trustee for Carlsbad Funding Mortg. Tr. v. White, 2022 WL 1422452 (E.D.N.Y. Jan. 19, 2022); Integrity Elecs., Inc. v. Garden State Distribs., Inc., No. 09 Civ. 2367(ILG)(CLP), 2012 WL 1041349, at *3 (E.D.N.Y. Mar. 28, 2012) (striking answer and counterclaims and entering default judgment against noncompliant defendants); Montblanc-Simplo GmbH v. Colibri Corp., 692 F.Supp.2d 245, 252 (E.D.N.Y. 2010) (defendant's continued silence concerning discovery and other pretrial matters was sufficiently willful to support dispositive relief).

  **B.**  **Duration of Noncompliance**

  In addition, defendants' aforementioned dilatory behavior has persisted for more than a calendar year, beginning in April 2021, when defendants first ignored the Court's directive to respond to then-defense counsel's motion to withdraw as their attorney of record. See 5/3/21

Order. The length of defendants' noncompliance further supports the imposition of severe sanctions against defendants under Rules 16 and 37. See, e.g., Vargas v. Jet Peru-Courier Corp., 15-CV-6859 (RRM)(PK), 2018 WL 1545699, at *4 (E.D.N.Y. Mar. 14, 2018) ("With regard to[] the duration of the period of noncompliance, a period as brief as a few months have been held to weigh in favor of dispositive sanctions … [a]nd periods of six months or more weigh even more heavily toward such remedies." (first alteration added) (internal quotation marks and citation omitted)), adopted, 2018 WL 1545679 (E.D.N.Y. Mar. 28, 2018).

### C. Warnings of Consequences

Moreover, this Court repeatedly and explicitly warned defendants that failure to comply with plaintiff's discovery demands and/or the Court's orders could result in severe sanctions, including the "likely result" of "their [a]nswer being stricken and a default judgment entered against them." 2/22/22 Order; see also 5/3/21 Order (warning defendants that Loxton's failure to secure new counsel could result in a default judgment against it); 10/4/21 Order (advising defendants that sanctions against them could include the striking of their answer and entry of default judgment). As previously noted, see *supra* note 2, plaintiff's motion and each of the Court's orders were served on defendants either by the Court's staff or by plaintiff (as verified via plaintiff's counsel's sworn certificates of service). Defendants thus were on notice of the consequences of their deliberate noncompliance throughout this litigation but nevertheless chose to flout the Court's orders—conduct that plainly warrants dispositive relief.[3]

---

[3] The docket sheet reflects that several court orders mailed to Jim Chen at the Broad Channel address were returned as undeliverable. See Mail Returned as Undeliverable (Jan. 19, 2022), DE #30; Mail Returned as Undeliverable (Mar. 28, 2022), DE #32. "When a party changes addresses, it is his or her obligation to notify the Court of the new address[,]" even where, as here, that party is proceeding without counsel. Garcia v. Hynes, 08 CV 3115 (RJD)(LB), 2008 U.S. Dist. LEXIS 112010, at *2 (E.D.N.Y. Dec. 16, 2008) (citation omitted), adopted, 2009 U.S. Dist. LEXIS 27426 (E.D.N.Y. Mar. 31, 2009) (dismissing complaint of *pro se* plaintiff who missed court deadlines, having failed to provide updated contact information); see, e.g., Gonzalez v. Walker, 10

9

D. **Efficacy of Lesser Sanctions**

Finally, "[d]efendants' persistent disregard for this Court's orders, despite ample notice from the Court and opportunities to respond, shows that lesser sanctions would be futile in this case." Yoon, 2014 WL 4199723, at *3. While no sanctions have been previously imposed on defendants, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record[.]" S. New Eng. Tel. Co., 624 F.3d at 148 (citation omitted). The overall record in this case reflects that defendants were aware of this lawsuit and capable of responding to court directives and deadlines (as evidenced, for example, by their filing of an answer), and nevertheless squandered numerous opportunities to comply with court orders. Thus, this factor (i.e., the efficacy of lesser sanctions) also supports striking defendants' answer and entering a notation of default against them. See, e.g., Victoriano Gonzalez v. Victoria G's Pizzeria LLC, No. 19-CV-6996 (DLI) (RER), 2021 WL 6065744, at *3-4 (E.D.N.Y. Dec. 22, 2021) (recommending striking the defendants' answer and entering default against them as appropriate measures, where it was apparent that lesser sanctions would be ineffective), adopted sub nom. Gonzalez v. Victoria G's Pizzeria LLC, 2022 WL 842666 (E.D.N.Y. Mar. 22, 2022).

In sum, all four factors weigh in favor of imposing severe sanctions against defendants. In addition, even though the absence of prejudice carries little weight in the overall analysis, see, e.g., Aristidou, 2020 WL 10317398, at *14 (collecting cases), it bears noting that here, as

---

CV 2896 (JBW)(LB), 2011 U.S. Dist. LEXIS 11568, at *3-4 (E.D.N.Y. Jan. 6, 2011), adopted, 2011 U.S. Dist. LEXIS 11565 (E.D.N.Y. Jan. 18, 2011). In any event, because all the relevant orders and filings in this case were also sent by email, and were delivered to Loxton's physical address and presumably seen by Steve Chen, the Loxton representative who, according to Mr. Raphan, was designated by Jim Chen and Loxton as their "primary point of contact[,]" Raphan Supp. Decl. ¶ 3, this Court is satisfied that both defendants were on notice of the Court's orders and the consequences of failing to comply therewith.

in Aristidou, "there is prejudice . . . , even if it is not substantial[,]" id. ("Plaintiffs brought this case one and one-half years ago seeking redress for a violation of rights under the FLSA and other laws[,] substantial rights upon which Congress has placed a high value."). Accordingly, this Court recommends striking defendants' answer and entering a default sanction against each of them.[4] See, e.g., Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 451 (2d Cir. 2013) (affirming entry of default judgment as a sanction against the defendant where the district court concluded that defendant's "intransigence spanned months, and that less serious sanctions would have been futile"); Aristidou, 2020 WL 10317398, at *15 (recommending striking answer and entering default judgment on liability where defendants offered no explanation for repeated violations of, and noncompliance with, court orders, and collecting cases); Silverman & Silverman, LLP v. Pacifica Found., No. 11-CV-1894 (FB)(RML), 2014 WL 3724801, at *4 (E.D.N.Y. July 25, 2014) (striking the answer and entering default sanction where the defendant repeatedly disobeyed discovery orders and demonstrated only minimal compliance with discovery obligations). As discussed below, the Court cannot, however, recommend that default judgment be entered against defendants at this time, due to deficiencies in plaintiff's motion.

## II. Default Judgment

To the extent that he also seeks default judgment, see Pl. Motion at 1-2, plaintiff has failed to carry his burden of demonstrating his entitlement to such relief. "When entry of default is an appropriate sanction under Rule 37, the Court proceeds with analysis under Rule

---

[4] The Court notes that Loxton's failure to retain new counsel provides an independent basis for entering a default against it, given that entities are not permitted to represent themselves in federal court. See Yoon, 2014 WL 4199723, at *3 n.3.

11

55." Palaghita v. Alkor Capital Corp., No. 19-CV-1504 (ARR) (RER), 2021 WL 4464121, at *4 (E.D.N.Y. Aug. 20, 2021) (citations omitted), adopted, 2021 WL 4463483 (E.D.N.Y. Sept. 29, 2021). Rule 55 provides that default judgment is appropriate where a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted); see Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). The plaintiff therefore bears the burden of establishing the damages sought, see Greyhound Exhibitgroup, Inc., 973 F.2d at 158, either by submission of documentary evidence or during an evidentiary hearing, see Victoriano Gonzalez, 2021 WL 6065744, at *5. The court has discretion to determine whether the plaintiff has met this burden. See Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991).

As an initial matter, plaintiff's request for monetary relief, as set forth in the complaint, is unspecified as to the exact amount sought. See Compl. ¶¶ 57-61 (requesting that plaintiff be awarded an undetermined amount of damages, comprised of unpaid minimum and overtime wages, statutory damages, and attorneys' fees). Moreover, in the instant motion and supporting declaration, plaintiff has set forth no assertions or arguments with respect to damages, nor provided any other documentation in support thereof. See generally Pl. Motion; Hassan Decl.[5] Thus, plaintiff has failed to "show that the compensation sought naturally

---

[5] Plaintiff understandably does not contend that the conference before this Court on March 23, 2021, which did not yield an agreement in writing or on the record containing all material terms thereof, gave rise to an enforceable settlement agreement.

flow[s] from the injuries pleaded[.]" Victoriano Gonzalez, 2021 WL 6065744, at *5 (first alteration in original) (internal quotation marks and citation omitted). Accordingly, plaintiff has not met his burden of proof at this time, and this Court therefore recommends that plaintiff's request for default judgment be denied, without prejudice. See, e.g., Yoon, 2014 WL 4199723, at *3 (striking answer and entering a default but deferring entry of default judgment and "the calculation of damages pending the submission of a *fully-supported* motion for default judgment by plaintiff" (emphasis added)); see Wilmington Sav. Fund Soc'y, 2021 WL 7908045, at *3 (recommending that defendant's answer be stricken, with plaintiff to "promptly seek a default judgment").[6]

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that plaintiff's motion be granted in part, as follows: that defendants' answer be stricken and that a notation of default be entered against each defendant. This Court further recommends denying plaintiff's motion for default judgment, without prejudice.

Any objections to the recommendations contained in this Report and Recommendation must be filed with the Honorable LaShann DeArcy Hall on or before June 27, 2022. Failure to file objections in a timely manner may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517

---

[6] Plaintiff had initially proposed that the Court strike defendants' answer and permit plaintiff to move for default judgment within 45 days of entry of certificates of default. See 12/6/21 Status Report. The Court rejected such a bifurcated approach, see Order (Dec. 10, 2021); Scheduling Order (Dec. 20, 2021), mistakenly expecting that plaintiff's combined motion to strike and for default judgment would address and provide evidence of plaintiff's damages.

F.3d 601, 604 (2d Cir. 2008). The Clerk of the Court is respectfully requested to email and mail copies of this Report and Recommendation to defendants at the following addresses:

> Loxton Inc.
> Attn: Steve Chen
> 136-31 41st Avenue, Suite 2A
> Flushing, NY 11355
>
> Jim Chen
> 14-15 Cross Bay Blvd.
> Broad Channel, NY 11693
>
> Jim Chen
> c/o Steve Chen
> 136-31 41st Avenue, Suite 2A
> Flushing, NY 11355
>
> Jim Chen
> c/o HB Safety Inc.[7]
> 26 E. Broadway FL 2
> New York, NY 10002

**SO ORDERED.**

Dated:   Brooklyn, New York
           June 9, 2022

                                         /s/ *Roanne L. Mann*
                                         **ROANNE L. MANN**
                                         **UNITED STATES MAGISTRATE JUDGE**

---

[7] See Raphan Supp. Decl. ¶¶ 4-5.