UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Ramon Gonzalez Maldonado,

                Plaintiff,

      v.

Loxton, Inc. and Jim Chen,

                Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

20-CV-5776
(DeArcy Hall, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      Plaintiff Ramon Gonzalez Maldonado filed this action on November 30, 2020, alleging that his former employer, Loxton, Inc. ("Loxton"), and its owner and operator, Jim Chen (collectively, "Defendants"), failed to pay him overtime wages for construction work he performed in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor Law ("NYLL") §§ 650 *et seq.*, and failed to provide him with wage notices and statements, in violation of NYLL § 195. *See generally* Dkt. No. 1 ("Compl.").

      Currently pending before this Court, on a referral from the Honorable LaShann DeArcy Hall, United States District Judge, is Plaintiff's motion for default judgment. *See* Dkt. No. 37[1]; *see also* March 23, 2023 Referral Order.

      In light of Plaintiff's failure to comply with Local Civil Rule 55.2, and for the reasons set forth below, the Court respectfully recommends denying Plaintiff's motion for default judgment without prejudice, and with leave to renew the filing upon curing the deficiencies detailed herein.

---

[1]     Plaintiff's motion for default judgment is styled on the docket as "Motion for Sanctions Default Judgment as per Court Order at ECF No. 33."

I. **<u>Background</u>**

   A. **Factual Allegations**

The following facts are taken from the Complaint, Plaintiff's motion, and the attachments filed in support of Plaintiff's motion; the facts are assumed to be true for the purposes of this motion. *See Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *1 (E.D.N.Y. Sept. 29, 2023) (citing *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 188 (2d Cir. 2015)).

Plaintiff is a former construction worker at Loxton, a construction business located at 136-31 41st Avenue, #2A in Queens, New York. Compl. ¶¶ 8, 11, 16. Plaintiff currently resides in Queens County in the State of New York. *Id.* ¶ 7. Defendant Loxton is a New York corporation that is engaged in interstate commerce and has an annual gross sales volume that exceeds $500,000. *Id.* ¶¶ 8, 24, 26. Defendant Chen is the owner and operator of Loxton and had the authority to hire and fire employees, determine employee compensation, and set employee work schedules. *Id.* ¶¶ 9-10. Defendants "shared a place of business including in Queens [C]ounty, New York at 136-31 41st Avenue, #2A, Flushing, NY 11355, where Plaintiff was employed." *Id.* ¶ 11.

Plaintiff was employed by Defendants from approximately "February/March 2020 to on or about October 12, 2020." *Id.* ¶ 15. Plaintiff was an hourly employee, and his regular rate of pay was $31 per hour. *Id.* ¶ 17. Plaintiff alleges that he regularly worked 55 hours or more per week for Defendants. *Id.* ¶ 19. Plaintiff, however, alleges that he "was paid at his straight regular rate for all hours worked including his overtime hours worked, in each week during his employment with Defendants." *Id.* ¶¶ 18-21. Plaintiff also alleges that Defendants did not provide him with wage notices and statements in accordance with NYLL § 195(1) and 195(3). *Id.* ¶¶ 22-23.

**B.      Procedural History**

Plaintiff filed the Complaint on November 30, 2020.  *See* Dkt No. 1.  On December 2, 2020, the Clerk of Court issued summonses to both Defendants.  *See* Dkt. No. 5.  Plaintiff properly served Loxton via the New York Secretary of State.  *See* Dkt. No. 6.  Plaintiff properly served Chen via personal service.  *See* Dkt. No. 10.

Defendants initially appeared in this case through counsel; counsel filed a notice of appearance on behalf of both Defendants on January 11, 2021.  *See* Dkt. No. 7.  Defendants filed their answer on March 8, 2021.  *See* Dkt. No. 12.

On March 23, 2021, the parties appeared for an initial conference wherein the Court made settlement recommendations and directed the parties to file letters responding to the same.  *See* Dkt. No. 15.  On March 31, 2021, Defendants' attorney filed, at the request of Defendants, a motion to withdraw as counsel, citing irreconcilable differences with Defendants regarding strategy.  *See* Dkt. No. 20-1, at 2.  The Court instructed Defendants to respond to Defendants' attorney's motion by April 15, 2021 and informed Loxton that it could not appear *pro se* in federal court as a corporate entity.  *See* April 1, 2021 Order.  Defendants did not respond to their attorney's motion.  On May 3, 2021, the Court granted Defendants' attorney's motion; Defendants' attorney was terminated from the case.  *See* May 3, 2021 Order.  The Court again reminded Loxton that it could not proceed *pro se* in this action and instructed the company to find new counsel by May 17, 2021, or else it could face a default judgment.  *Id.*  The Court informed Chen that he could proceed *pro se*, and if new counsel did not appear on his behalf by May 17, 2021, the Court would deem him to be representing himself.  *Id.*  The Clerk of the Court mailed the order to both Defendants on May 3, 2021.

New counsel did not appear on either Defendants' behalf. On May 21, 2021, the Court issued an order reminding Defendants that, like all parties, *pro se* parties must comply with Court orders and discovery obligations. *See* May 21, 2021 Order. On September 23, 2021, Plaintiff filed an unopposed motion for extension of time to complete discovery wherein Plaintiff indicated that Defendants had not responded to any discovery demands since prior counsel had withdrawn from the case. *See* Dkt. No. 23. On October 4, 2021, the Court granted Plaintiff's motion and, for the second time, reminded Loxton that it could face a default judgment if Loxton did not retain counsel. *See* October 4, 2021 Order. The Court advised Defendants that they could face sanctions, including the possibility that their answer would be stricken, if they did not respond to Plaintiff's discovery demands. *Id.*

On November 8, 2021, Plaintiff filed a status report, indicating that Defendants still had not responded to Plaintiff's discovery demands. *See* Dkt. No. 25. On November 15, 2021, the Court entered an order directing Plaintiff to advise the Court whether he desired to move to strike Defendant's Answer and for a default judgment. *See* November 15, 2021 Order. The Clerk of the Court mailed the order to both Defendants on November 16, 2021.[2]

On February 16, 2022, Plaintiff filed a motion to strike Defendants' answer and requested the entry of default and a default judgment. *See* Dkt No. 31. Plaintiff sent a copy of the motion to Defendants by mail and email. *Id.* On February 22, 2022, the Court directed Defendants to show cause, in writing, by March 10, 2022, why Plaintiff's motion should not be granted.[3]

---

[2]   Although the October 5, 2021 order and the November 15, 2021 order were sent to both Defendants, the mail to Chen at 14-15 Cross Bay Blvd., Broad Channel, NY 11693 was returned as undeliverable. *See* Dkt. No. 30.

[3]   Although the February 22, 2022 order was mailed and emailed to both Defendants, the mail to Chen at 14-15 Cross Bay Blvd., Broad Channel, NY 11693 was returned as undeliverable. *See* Dkt. No. 32.

4

On June 9, 2022, the Honorable Roanne L. Mann, United States Magistrate Judge, issued a Report and Recommendation recommending that Plaintiff's motion be granted in part and denied in part. *See* Dkt. No. 33, at 13. Judge Mann recommended that Defendants' answer be stricken and that a notation of default be entered against each Defendant. *Id*. Judge Mann recommended denying Plaintiff's motion for default judgment, without prejudice, because Plaintiff did not make any assertions, arguments, or provide any documentation regarding damages. *Id.* at 12. The Clerk of Court mailed copies of the Report and Recommendation to Defendants at Loxton's business address and to Chen at two other addresses.[4] The Clerk of Court also emailed the Report and Recommendation to Defendants at Loxton's business email address.

On August 26, 2022, the Court adopted Judge Mann's Report and Recommendation in its entirety. *See* August 26, 2022 Order ("Specifically, the R&R recommends that the Court grant Plaintiff's motion to strike Defendants' answer, but to deny without prejudice Plaintiff's motion for default judgment. The Court has reviewed the R&R for clear error and, finding none, hereby ADOPTS the R&R in its entirety as the opinion of this Court.").

Currently pending before the Court is Plaintiff's motion for default judgment, in which Plaintiff seeks: (1) unpaid overtime wages under the FLSA and NYLL; (2) liquidated damages; (3) statutory damages for failure to provide wage notices and wage statements under the NYLL; (4) attorneys' fees; and (5) costs. *See* Dkt. No. 37.

In support of this motion, Plaintiff submits: (1) a memorandum of law; (2) a declaration from Plaintiff, explaining his employment at Loxton, the hours he worked, and the pay he received (Dkt. No. 37-2 ("Maldonado Decl.")); and (3) a declaration from Plaintiff's counsel, Abdul Karim

---

[4] The mail sent to Chen at 14-15 Cross Bay Blvd., Broad Channel, NY 11693 was returned as undeliverable. *See* Dkt. No. 34.

5

Hassan, explaining Plaintiff's request for attorneys' fees and costs (Dkt. No. 37-3 ("Hassan Decl.")). According to the affidavit of service, Plaintiff served both Defendants with the motion by: (1) mailing a copy to Loxton at its business address, 136-31 41st Avenue, Suite 2A, Flushing, New York 11355; (2) mailing a copy to Chen at 14-15 Cross Bay Blvd., Broad Channel, New York 11693[5]; and (3) emailing a copy to both Defendants at loxtoninfo@gmail.com. *See* Dkt. No. 38.

As discussed further below, Plaintiff did not append to his motion for default judgment (1) the Clerk's certificate of default or (2) a proposed form of default judgment.

## II. Standard for Default Judgment

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). At the first step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see Esquivel*, 2023 WL 6338666, at *3 ("when a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a)). "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(1)).

At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). To "enter or effectuate judgment" the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish

---

[5]   Plaintiff's motion does not indicate if this is Chen's last known residential address.

the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). A plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established." *Chen*, 2023 WL 2583856, at *7 (quotations and citation omitted).

### III. Discussion

Under Local Civil Rule 55.2, a "party seeking a judgment by default . . . shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment," and must mail the motion, with these three items, to "the last known residence of such party (if an individual) or the last known

7

business address of such party (if a person other than an individual)." Loc. Civ. R. 55.2(b)-(c). Under Local Civil Rule 7.1, a motion for default judgment must consist of a notice of motion, a memorandum of law, and supporting affidavits and exhibits containing any factual information and portions of the record necessary for the decision of the motion. Loc. Civ. R. 7.1(a). While Plaintiff complied with Local Civil Rule 7.1, Plaintiff's motion for default judgment does not comply with Local Civil Rule 55.2. His motion for default judgment should therefore be denied.

Compliance with Local Rule 55.2 is strictly construed. *See, e.g.*, *United States v. Hamilton*, No. 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *2-*3 (E.D.N.Y. Nov. 26, 2019) (recommending denial of motion for default judgment because plaintiff failed to follow Local Rule 55.2(c) and noting that "courts in the Eastern and Southern Districts regularly deny such motions when strict procedural compliance is lacking"), *report and recommendation adopted*, 2019 WL 6828276 (Dec. 13, 2019); *Century Sur. Co. v. Atweek, Inc.*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) ("A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules"); *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) ("Where the movant is represented by counsel, as plaintiffs are here, a motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules.").

"A motion for default judgment will not be granted unless the party making the motion adheres to *all* of the applicable procedural rules." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers , Loc. 15, 15A, 15C & 15D, AFL-CIO v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) (quoting *Century Sur. Co.*, 2018 WL 10466835, at *1).

8

"[L]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." *Fin. Servs. Vehicle Tr. v. Osmanaj*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (quotations and citation omitted). "As harsh at it may seem," courts in this district "have repeatedly" denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule 55.2(b). *Lugo v. Allstate Ins. Co.*, No. 19-CV-7150 (JMA) (JMW), 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (recommending plaintiff's motion for default judgment be denied where "notably absent from Plaintiff's motion [was] the Clerk's certificate of default, a copy of the Complaint, and a proposed form of default judgment"), *report and recommendation adopted*, 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022).

Here, contrary to the strict rules set forth in Local Civil Rule 55.2(b), Plaintiff did not attach the Clerk's certificate of default or a proposed form of default judgment to his motion. Consequently, Plaintiff's motion for default judgment is deficient on its face. *See Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers*, 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) ("Plaintiffs' motion for default judgment is deficient on its face for failure to comply with Local Rules 55.1 and 55.2(b), as the motion does not include a proposed form of default judgment"); *see also Liberty Mut. Fire Ins. Co. v. CitiMortgage, Inc.*, No. 20-CV-5839 (EK) (RER), 2022 WL 5424790, at *3 (E.D.N.Y. July 21, 2022) (denying motion for default judgment for, *inter alia*, plaintiff's failure to submit a proposed form of default judgment); *Yoon v. Toothsavers Dental Lab'y, Inc.*, No. 19-CV-2283 (ERK) (VMS), 2020 WL 13580466, at *8 (E.D.N.Y. June 22, 2020) (recommending denial of default judgment motion where Plaintiff's submission in support of motion for default judgment did not include "a copy of

9

the Clerk's certificate of default, a copy of the complaint, or a proposed form of default judgment."), *report and recommendation adopted*, Dkt. Order dated July 27, 2020).

In fact, a review of the docket indicates that Plaintiff does not appear to have even sought a certificate of default, which is also in violation of Local Civil Rule 55.1. *Cf. Century Sur. Co.*, 2018 WL 10466835, at *1 ("The fact that some of these items may be found electronically, scattered on the docket, does not absolve movants of their obligation to collect and append copies to their moving papers.").[6]

Finally, it is not clear whether Plaintiff complied with Local Civil Rule 55.2(c)'s mailing requirement. While Plaintiff served Loxton with the motion at its business address (*see* Dkt. Nos. 1 ¶ 11; 12 ¶ 11; 38), it is not clear to the Court whether Chen was served at his last known residence, as required under Local Civil Rule 55.2(c). Indeed, Plaintiff's affidavit of service states that Chen was served at 14-15 Cross Bay Blvd., Broad Channel, New York 11693 with the motion (Dkt No. 38), but Plaintiff does not clarify, in the affidavit of service or elsewhere in the motion or Complaint, if this is Chen's residential address. Moreover, the Clerk of Court's mailings to Chen at the same address were returned as undeliverable. *See* Dkt. Nos. 30, 32, 34. This Court has therefore concluded, in the absence of any indication that Plaintiff served Chen at his last known residence, that Chen was not served with the motion papers at his home, in violation of Local Civil Rule 55.2(c). *See J & J Sports Prods., Inc. v. Vergara*, No. 19-CV-2382 (FB) (VMS), 2020 WL 1034393, at *5 (E.D.N.Y. Feb. 6, 2020) (recommending denying default judgment because "without any representation in the record that [address where motion papers were sent] is [defendant's] last known residence, the Court is left questioning whether [defendant] properly received notice of the motion for default judgment against him"), *report and recommendation*

---

[6] Judge Mann's report and recommendation recommended that a notation of default be entered against each Defendant. *See* Dkt. No. 33.

10

*adopted*, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020); *Allstate Ins. Co. v. Abramov*, No. 16-CV-1465 (AMD) (SJB), 2019 WL 1177854, at *4 (E.D.N.Y. Feb. 21, 2019) (recommending denying default judgment where it was not clear whether the defendant was served in accordance with Local Civil Rule 55.2(c), *report and recommendation adopted*, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019).

Ultimately, Plaintiff's failure to comply with the requirements under Local Civil Rule 55.2 warrants denial of his motion for default judgment in its entirety.

### IV.   Conclusion

Accordingly, the Court respectfully recommends that Plaintiff's motion for default judgment be denied without prejudice and with leave to renew, addressing the deficiencies discussed above, and in compliance with the Court's Local Rules.

A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants and to file proof of service on ECF by December 19, 2023. Consistent with Judge Mann's June 9, 2022 Report and Recommendation, copies shall be served at the following addresses:

> Loxton, Inc.
> Attn: Steve Chen
> 136-31 41st Avenue, Suite 2A
> Flushing, NY 11355
>
> Jim Chen
> 14-15 Cross Bay Blvd.
> Broad Channel, NY 11693
> Jim Chen
> c/o Steve Chen
> 136-31 41st Avenue, Suite 2A
> Flushing, NY 11355

Jim Chen
c/o HB Safety Inc.
26 E. Broadway FL 2
New York, NY 10002

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge DeArcy Hall. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

SO ORDERED.

Dated:   Brooklyn, New York
         December 15, 2023

                                         */s/ Joseph A. Marutollo*
                                         JOSEPH A. MARUTOLLO
                                         United States Magistrate Judge